UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60655-CIV-COHN/SELTZER

JPMORGAN CHASE BANK, N.A. and
CHASE HOME FINANCE, LLC,

    Plaintiffs,

vs.

BEN-EZRA & KATZ, P.A.,

    Defendant.
_____/

## ORDER DIRECTING FILING OF SUBSTITUTIONS OF COUNSEL

**THIS CAUSE** is before the Court upon Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Mandatory Preliminary Injunction [DE 17], Defendant's Response [DE 20], and the parties' Affidavits and Declarations in support thereof.  The Court has carefully considered all of the filings and exhibits, the arguments of counsel made at yesterday's hearing, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiffs are banks engaged in home mortgage finance and Defendant is a law firm retained by the Plaintiffs to litigate foreclosure actions in state courts.  The parties entered a Master Services Agreement on February 1, 2009 (Exhibit A to Motion and Complaint (hereinafter "Agreement")) and an Attorney- Trustee Schedule to the Agreement (Exhibit B to Motion and Complaint (hereinafter "Schedule")) that govern their attorney-client relationship.  Plaintiffs terminated Defendant by letter dated March

9, 2011 (Exhibit C to Complaint), without mentioning any reason for the termination.[1]

Starting in late March 2011, Defendant began to file Motions to Withdraw as counsel in the thousands of underlying state court foreclosure cases, based upon Plaintiffs' termination letter.[2] Plaintiffs allege that these withdrawal motions were filed without notice to Chase [DE 19-1], a fact disputed with affidavits by Defendant [DE 21-1]. Plaintiffs seek this Court to enjoin Defendant from unilaterally withdrawing as counsel for Chase in numerous pending foreclosures cases. Plaintiffs allege that Defendant's actions are a breach of the parties' agreement that will cause Plaintiffs irreparable harm, in that Defendant is supposed to provide Transition Services under the Agreement. Defendant contends that its motions were filed because Plaintiffs terminated Defendant on March 9, 2011, meaning Defendant has no authority to act on Plaintiffs' behalf and therefore must withdraw under Florida Bar Rules. Defendant also contends that in the few instances that state courts have already held hearings, Plaintiffs had alternative counsel present and/or the state court has given Plaintiffs sixty

---

[1] The letter requested Defendant's cooperation in transferring files from Defendant to an unidentified "new firm." Defendant initially refused to transfer the files until Plaintiffs paid an outstanding balance of $6 million in attorney's fees and costs. On March 25, 2011, Plaintiffs filed this action for breach of contract – specific performance, replevin and conversion against Defendant for its failure to turn over the files. Plaintiff moved for immediate relief in the form of a temporary restraining order and preliminary injunction requiring Defendant to turn over the files.
    On Friday, April 1, 2011, following a hearing, the Court denied Plaintiffs' request for injunctive relief [DE 15]. However, Defendant was ordered to transfer the files upon Plaintiffs posting security in the amount of $4 million. On April 4, 2011, Plaintiffs posted a bond [DE 16]. The files were transferred on April 4 and 5.

[2] At the Defendant's request at the end of the April 1 hearing, Plaintiffs were directed to file substitutions of counsel in the underlying state court foreclosure actions within 30 days.

(60) days to have a substitution of counsel filed, effectively eliminating any irreparable harm.[3]

## II.  LEGAL STANDARD

### A.  Preliminary Injunction Standard

In order to obtain a preliminary injunction or a temporary restraining order, Plaintiffs must establish the following four elements: (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to Plaintiffs outweighs the threatened harm the injunction may do to the Defendant; and (4) granting the preliminary injunction will not disserve the public interest.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994).  Because a "preliminary injunction is an extraordinary and drastic remedy," it is "not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites."  Id. (quoting Ne. Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990)); see also McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).

### B. Substantial Likelihood of Success

Plaintiffs rely upon Section 2.6(c) and (d) of the Agreement and Section II.B of the Schedule to establish its substantial likelihood of success on its breach of contract

---

[3] Defendant stresses that Plaintiffs failed to inform the Court that on Monday morning, April 11, 2011, Broward County Circuit Judge Joel Lazarus overruled Plaintiffs' objections to Defendant's motion to withdraw from a particular foreclosure action. Affidavit of Maria De Engle, Esq. [DE 22-1].  In a second action in Palm Beach County, Circuit Judge Jack Cook set an evidentiary hearing on Plaintiffs' objections for August of 2011.

claim that Defendant breached its obligation to transition pending cases to new counsel by executing substitution of counsel documents. Plaintiffs contend that the Agreement and Schedule require Defendant to cooperate with Plaintiffs, and by unilaterally filing motions to withdraw before arrangements are made for substitution of counsel and failing to cancel motion hearings regarding withdrawal, Defendant has breached the parties' agreements.

The Agreement states that during the Transition Period (which the parties are now in, more than 30 days having passed since the termination notice), Defendant "will perform such other services as mutually agreed to by the parties as are necessary to enable [Plaintiffs] to obtain from another [attorney] . . . services to substitute or replace [Defendant]. . . ." § 2.6(c) of Agreement. In addition, "[Defendant] will cooperate in good faith with [Plaintiff] and any new [attorney] in the performance of its obligations under this Section 2.6 and [Defendant] further agrees to work with [Plaintiffs] and any new [attorney] in the development and carrying out of a transition plan as part of the Transition Services." Id. § 2.6(d). The Schedule states that "Upon termination, you agree to properly execute substitution of counsel documents on pending matters and to immediately forward all Bank Documents, as defined below, and the executed substitutions of counsel documents in accordance with [Plaintiffs'] written instructions." § II.B of Schedule. Defendant argues that Plaintiffs have failed to provide the necessary "written instructions," despite Defendant's proposal to Plaintiffs on how to best transition the cases.

Plaintiffs also cite to Rule 4-1.16(d) of the Rules Regulating the Florida Bar to support their arguments that Defendant breached the Agreement and Schedule. This

rule states that a withdrawing lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as allowing time for the employment of other counsel.  Defendant, in turn, relies upon the prior section in Rule 4-1.16(a)(3), which states that a lawyer shall withdraw from the representation of a client if the lawyer is discharged.  The record in this case indicates that Defendant has taken some measures to protect Plaintiffs' interest, such as obtaining extensions in state court for Plaintiff to obtain substitute counsel.

Turning back to the main claim of breach of contract, Defendant argues in opposition to Plaintiffs' arguments that the federal Anti-Injunction Act bars this Court from entering the requested injunction.  The Act states that: "A court of the United States may not grant an injunction to stay proceedings in a State court, except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  This statute is to be narrowly construed.  Delta Air Lines, Inc. v. McCoy Rests., Inc., 708 F.2d 582, 585 (11th Cir. 1983).  Defendant contends that by forbidding it to move to withdraw in cases where Plaintiffs have already terminated counsel, the state court case could not move forward.  Plaintiffs asserted at the hearing that it was only asking the Court to enjoin Defendant from withdrawing in the next two weeks.  However, a party cannot avoid the clear prohibition in the statute by naming as a defendant a state court party rather than the state court itself.  Int'l Ass'n of Machinists & Aerospace Workers v. Nix, 512 F.2d 125, 129 (5th Cir. 1975).[4]

---

[4]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close

The Court concludes that Plaintiffs have failed to meet their burden to show a substantial likelihood of a breach of contract.  In addition, the Anti-Injunction Act precludes the relief sought by Plaintiffs, as such an injunction would hamstring a state court that wished to move forward on any of the thousands of pending foreclosure actions.

### C.  Irreparable Harm

Plaintiffs argue that § 13.2 of the Agreement states that if Defendant breaches its obligation to provide Transition Services, then irreparable harm is proven automatically.  Plaintiffs also support their contention of irreparable harm by stating that under the law, they cannot represent themselves in the state court actions and stand to have cases dismissed if not represented by counsel.  The value of Plaintiffs' mortgage assets would therefore be irreparably harmed.  Defendant asserts, as noted above, that there is in fact no irreparable harm to Plaintiffs because in the few instances that state courts have already held hearings on the motions to withdraw, Plaintiffs had alternative counsel present and/or the state court has given Plaintiffs sixty (60) days to have a substitution of counsel filed, effectively eliminating any irreparable harm.

The Court concludes that Plaintiffs have not met their burden to show that irreparable harm will occur if the requested injunction is not entered.[5]

---

of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[5]  The Court need not address the remaining elements for issuance of a preliminary injunction.

### III.  CONCLUSION

Although the motion for an injunction is denied, the Court will fashion a remedy to resolve the crux of the parties' immediate problem involving foreclosures cases set for trial in the next two weeks.[6]  The Court does not find the filing of the motion to rise to the level of vexatiousness required for an award of fees under 28 U.S.C. § 1927.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Mandatory Preliminary Injunction [DE 17] is **DENIED**;

2. For foreclosure cases going to trial during the week of April 18, 2011, Plaintiffs shall file substitutions of counsel in those cases by close of business on Friday, April 15, 2011;

3. For foreclosure cases going to trial during the week of April 25, 2011, Plaintiffs shall file substitutions of counsel in those cases by close of business on Friday, April 22, 2011;

4. The deadline for Plaintiffs to file substitutions of counsel in all other cases remains close of business on May 2, 2011;

5. Defendant's Unopposed Motion for Enlargement of Time to Respond to the Complaint is hereby **GRANTED**.  The Response is due May 6, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of April, 2011.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF

---

[6] Plaintiffs are already under an obligation, which they fully intend to meet, to file substitutions of counsel in all of Defendant's cases by May 2, 2011.